Curia, per

O’Neall, J.
This defendant was sued for the penalty imposed by the city ordinance on persons who retail without a license. After the act of retailing, to recover the penalty for which this action was brought, the defendant applied for, and obtained, a license to retail from the 3d December to the October following. For this license he paid sixty dollars, the sum at which a license is granted for a year. It was contended that this license, or rather the payment to, and acceptance by, the city treasurer of the price of a license for the current year, from October past to October ensuing, waived or released the penalty for the previous violation of the law.
The ordinance under which the license was granted, is as follows: “ That licenses of the tenor and for the purposes hereinafter mentioned, shall be granted by the city council twice in every year, viz: — in the first week in April, and first week in October, to such person or persons as may apply therefor, and be approved by council; and every such license shall be and continue in force for one year and no longer: Provided, nevertheless, that council may be authorized to grant licenses to such person or persons as may not have applied at the usual time, who shall, notwithstanding, pay therefor as though they had obtained licenses for a full and entire year, commencing at either of the periods above stated, which shall immediately precede.” City Laws, 213. In the case of the City Council *387 vs. Corlies, 2 Bail. 186, it was held that “ the grant of a license to retail spirituous liquors from a day past, is a release of the penalty for retailing without license subsequent to that day, although prior to the actual taking out of the license," In that case, the defendant made his application for a license to the council, and they granted his application before the act of retailing. He subsequently paid for his license for the whole year; and his receipt, which was adduced in evidence, was for sixty dollars for a license to retail from the October preceding to the October ensuing. This was received in evidence without objection, and the license was presumed to be according to the receipt: and, if so, in the language of my brother Harper, who delivered the opinion, “ the city council must be regarded as having waived or released their right of action for the penalty, as it was competent for them to do.” And if this case, like that, rested alone upon the receipt of the city treasurer to the defendant, the same rule would govern it. But, unfortunately for the defendant, the license adduced in evidence is from the day on which he paid for it, and gave the bond required by another clause of the ordinance, to the next October. This cannot, therefore, have the effect to release the penalty to which he became liable before the city council gave their legal assent to his retailing. The course pursued by the city treasurer in this instance is, I think, in strict conformity to the ordinance. He could not take a less sum than the price of a license for a whole year. There is nothing in the ordinance which makes it necessary that a license between the two regular periods at and from which they are granted for a year, should be dated from the antecedent period. It is obvious that it contemplated that the license should be granted on, and take effect from, the day on which the application, between the regular periods, was made, to the next regular annual time of granting licenses for the current year. The words “ who shall, notwithstanding, pay therefor as though they had obtained licenses for a full and entire year,” shows plainly enough that the ordinance contemplated a license for less than a year, and one that should operate prospectively and not retrospectively.
*388 It is true that Judge Harper’s reasoning, in the City Council vs. Corlies, upon the case then before the court, might, and very probably did, lead the ingenious counsel for the motion into the belief that that decision would shield his client from a recovery in this case. But, taking it altogether, it is manifest that he never intended to say that a license, from a day subsequent to the act of retailing, and for which the price of a license for the full and entire year was paid, would be a release of a penalty for a previous violation of the ordinance. He says : “ If the ordinance is evaded, and abuses introduced by this practice, the remedy is in the hands of council, by withholding the license, after they are aware an offence has been committed. It would be unreasonable that they should exact the penalty, and yet receive the price of the license, for the period within which the oifence was committed.” This last sentence, if taken alone, would countenance the idea that the payment and acceptance of the price of the license was the act which constituted the release of the penalty. But when it is used as a part of a chain of reasoning, to show that the license was and ought to be regarded as a release, it would be doing gross injustice to the opinion of the Judge, to suppose that such an idea was intended to be advanced or maintained. The first sentence quoted, in which he says : “the remedy is in the hands of council, by withholding the license after they are aware that an offence has been committed,” plainly indicates that, unless the license includes the time at which the act of retailing was done, he did not suppose it would be a release. In this case, the council, by granting a license from a day subsequent to the act of retailing, have withheld their license from the defendant for the time at which it was done. They have refused to waive or release the penalty, and the defendant cannot set up an implied waiver or release, when their license expressly negatives his right to retail at the time at which he did, and limits its commencement to a day subsequent.
The motion for a new trial is refused.
Johnson, J. concurred.